# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JULIUS ANDREWS                                                                                          PLAINTIFF
REG #06075-025

V.                                        NO: 2:08CV00121 SWW/HDY

KAREN HUNTER *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1. Why the record made before the Magistrate Judge is inadequate.
  2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Federal Correctional Institute in Forrest City, filed this *pro se* complaint (docket entry #1), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on June 23, 2008.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the

2

elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 1974.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well.  *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he has been discriminated against by prison officials, who refuse to move him to a prison camp.  Plaintiff's complaint is that, despite his eligibility for placement into a camp, he has not been placed into one, even though other inmates with records worse than his have been allowed to transfer.  Plaintiff contends that this is a violation of his due process and equal protection rights, as well as prison policy.

Plaintiff has no right to be housed in any particular prison.  *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999).  Although Plaintiff contends that his equal protection rights are being violated because he is not being transferred, nothing in his complaint indicates that the denial is for any constitutionally impermissible reason.  *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim).  Finally, to the extent that Plaintiff contends that his lack of transfer violated prison regulations, the Court notes that such a violation is not actionable.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability

for violation of prison policy).[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   19   day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).